FILED
SUPERIOR COURT
OF GUAM

2019 NOV 15 PM 12: 16

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0328-19 |
| vs. | |
| **ROKE MENDIOLA QUINTANILLA, JR.,** DOB: 10/07/1979 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on October 23, 2019, upon the Defendant's *Ex Parte* Application for Modification of Conditions of Release filed October 21, 2019 ("Motion"). Defendant Roke Mendiola Quintanilla, Jr. ("Defendant") is represented by Attorney Curtis C. Van de veld. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On June 20, 2019, a grand jury returned an indictment and charged the Defendant with: 1) Four Counts of BURGLARY (as a Second Degree Felony); 2) Four Counts of THEFT (as a Second Degree Felony); 3) ASSAULT ON A PEACE OFFICER (as a Third Degree Felony); 4) Five Counts of CRIMINAL MISCHIEF (as a Misdemeanor); 5) ELUDING A POLICE OFFICER (as a Misdemeanor); 6) CRIMINAL TRESPASS (as a Misdemeanor); and 7) THEFT (as a Petty Misdemeanor). See Indictment (June 20, 2019). According to the Declaration

attached to the Magistrate Complaint, the charges against the Defendant are based on a series of burglaries alleged to have been conducted by the Defendant, some of which the Defendant has admitted to, and one of which resulted in a "high speed chase" with the Guam Police Department. See Magistrate Complaint (June 10, 2019).

At the Magistrate's Hearing on June 10, 2019, Magistrate Judge Jonathan R. Quan committed the Defendant to the Department of Corrections and set bail in the amount of Ten Thousand Dollars ($10,000.00) cash. See Commitment Order (June 10, 2019). On June 11, 2019, Defendant posted the $10,000.00 cash bail and was brought before this Court for a bail hearing. Upon the Defendant's pretrial release from custody, the Court imposed certain conditions including, *inter alia*, house arrest and release to Third Party Custodians ("TPC"). See Order of Conditional Release and Appearance Bond (June 13, 2019).

On June 27, 2019, Probation Office Anthony L. Morcilla ("P.O. Morcilla") filed a First Violation Report indicating that the Defendant violated the Court's order of house arrest. See 1st Violation Report (June 27, 2019). Subsequently, the Court issued a Warrant of Arrest and the Defendant was arrested and detained that same day. On July 2, 2019, at the hearing on the Return of Warrant, the Court forfeited the $10,000.00 cash bail and revoked the Defendant's pretrial release and conditions. The Court committed the Defendant and set bail again in the amount of Ten Thousand Dollars ($10,000.00) cash. See Commitment Order (June 27, 2019).

On October 21, 2019, the Defendant filed the instant *ex parte* motion, requesting that the Court release the Defendant on house arrest and placed in the electronic monitoring program[1]. The People did not file a written Opposition to the Defendant's *ex parte* motion. However, at the *ex parte* motion hearing, the People orally objected to the Defendant's release on electronic monitoring. On October 24, 2019, the Probation Office filed an Eligibility Assessment and found the Defendant not eligible to participate in the electronic monitoring program.

---

[1] The Defendant also requested that the Court modify his conditions of release to allow the Defendant to participate in his grandfather's funeral services. The Court authorized the Department of Corrections to transport and escort the Defendant to the funeral services on October 26, 2016, between the hours of 9:00 a.m. to 1:00 p.m. The Court reserved on the issue of release to the electronic monitoring program.

## DISCUSSION

Guam law provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50.

Section 40.15 of Title 8 of the Guam Code states, that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). Further, Guam law requires that the Court impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 GCA § 40.20; see Guam v. Song, 2011 Guam 19 ¶ 11. In making such determination, the Court must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The Court must also consider a series other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. Id. at (c)(2) through (6).

Here, the Court recognizes that the Defendant is a life-long resident of Guam and that he has close familial and social ties to Guam. The Court does not necessarily view the Defendant as a flight risk. However, the Court is concerned with the Defendant's risk to the community and disregard for previous Court orders. The Court notes that the Defendant, while on release under TPC supervision, violated his condition of house arrest. Consequently, upon notice of the violation, the Court remanded the Defendant back into custody and forfeited the Defendant's bail[2]. The Court also notes the Defendant's past criminal history and moderate ORAS-PAT score. Thus, in consideration of the facts above, the Court finds that releasing or modifying the

---

[2] The Defendant's Motion to Vacate Judgment NISI went under advisement on September 26, 2019.

Defendant's release conditions is unwarranted at this time. Further, based on the information provided and the assessment conducted by the Probation Office of the Superior Court, the Defendant has been deemed not eligible to participate in the electronic monitoring program. Accordingly, the Court adopts the findings of the Probation Office and similarly finds the Defendant inappropriate for placement in the electronic monitoring program. Lastly, the Court finds that a Ten Thousand Dollar ($10,000.00) cash bail is an appropriate amount. Thus, the Court hereby **DENIES** the Defendant's *Ex Parte* Application for Modification of Conditions of Release.

**CONCLUSION**

For the reasons set forth above, the Defendant's *Ex Parte* Application for Modification of Conditions of Release is **DENIED**.

**IT IS SO ORDERED** _____NOV 1 5 2019_____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE IN COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of
_____ JC-C Undufeld

NOV 1 5 2019 Time: 12:30

Deputy Clerk, Superior Court of Guam